















BAR    8/18/03    15:48
3:01-CV-01387    GOLDSTEIN V. METABOLIFE INTL INC
*109*
*PTO.*

FILED

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

CLERK U.S. DISTRICT COURT
SOUTHERN DIST. OF CALIFORNIA

BY: _____  DEPUTY

| | |
|---|---|
| MICHAEL GOLDSTEIN, NEW CENTURY HEALTH ENTERPRISES, INC., a Colorado corporation, DONALD BROWN, JR., GREGORY LOCKE, and MARK COUGHLIN, | ) ) ) ) ) |

01 CV 1387 JM (POR)

**PRETRIAL ORDER**

Plaintiffs,

v.

Ctrm: Hon. Jeffrey T. Miller
Complaint: July 27, 2001

METABOLIFE INTERNATIONAL, INC., a California corporation, MICHAEL ELLIS, SCOTT MOBERLY, W. ROBERT BRADLEY, AND MICHAEL BLEVINS,

Defendants.

Following pretrial procedures pursuant to F.R.Civ.P. 16 and Civ.L.R. 16.1((f)(6)

IT IS ORDERED:

This is an action for breach of contract, breach of the implied covenant of good

faith and fair dealing, fraudulent and negligent misrepresentation, and violation of the

Colorado Consumer Protection Act, C.R.S. § 6-1-101 *et seq.*, New York General

Business Law §349, and the Robinson Patman Act, 15 U.S.C. §13.  Plaintiffs in this

matter are Michael Goldstein, New Century Health Enterprises, Inc., a Colorado

corporation, Donald Brown, Jr., Gregory Locke, and Mark Coughlin.  Defendants in this

matter are Metabolife International, Inc., a California corporation, Michael Ellis, Scott

Moberly, W. Robert Bradley, and Michael Blevins.



GRAY CARY WARE
& FREIDENRICH LLP

-1-

1    Plaintiffs filed their original complaint on July 27, 2001, which was answered by

2    Defendants on May 1, 2002.  Plaintiffs filed an Amended Complaint on December 20,

3    2002, which was answered by Defendants on January 15, 2003.

4    Defendants filed a motion to compel arbitration on September 19, 2001.

5    Plaintiffs filed their opposition on November 19, 2001.  Defendants filed their reply on

6    December 3, 2001.  This Court issued an Order denying Defendants' motion on April 12,

7

8    2002.

9    Defendants filed a motion to dismiss certain claims on the pleadings pursuant to

10   Fed.R.Civ.P. 12(c) on January 24, 2003.  Plaintiffs filed their opposition on February

11   17, 2003.  Defendants filed their reply on February 24, 2003.  This Court issued an

12   Order granting in part and denying in part Defendants' motion on March 20, 2003.

13

14   Defendants filed a motion for summary judgment, or in the alternative for partial

15   summary judgment on May 30, 2003.  Plaintiffs filed their opposition on June 27, 2003.

16   Defendants filed their reply on July 3, 2003.  This Court has not yet ruled on this

17   motion.  The parties request the right to submit a stipulated amended Pretrial Order

18   should the Court grant any or all of Defendants' motion for summary judgment.

19                                    **II.**

20

21   Federal jurisdiction is proper pursuant to 28 U.S.C. § 1322 since there is

22   complete diversity between the relevant parties and the amount in controversy exceeds

23   $75,000.  Further, the Court has original jurisdiction over this case pursuant to 28

24   U.S.C. § 1331, because the First Cause of Action arises under the Clayton Act as

25   amended by the Robinson Patman Act, 15 U.S.C. § 13.  Venue is proper in this District

26   pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial portion of the events or

27   omissions giving rise to Plaintiffs' claims occurred in this District, Defendant

28

GRAY CARY WARE
& FREIDENRICH LLP

1   Metabolife is a corporation that is subject to personal jurisdiction within this District,

2   and all Defendants reside in the state of California.

3                                       **III.**

4       The following facts are admitted and require no proof though reference to these

5   facts may be necessary in order to put testimony on disputed issues in context:

6

7       A.  Metabolife is a company that sells various diet supplements, including a

8           product in pill form known as Metabolife 356.

9       B.  Until August 1, 2000, Metabolife sold its products primarily through a

10          distributor network.

11      C.  Beginning on August 1, 2000 Metabolife added retail distribution to its

12          marketing model.

13      D.  Prior to and after August 1, 2000, Metabolife also sold products directly to

14          consumers via internet and/or phone sales.

15

16      E.  Plaintiff Goldstein / New Century Health entered into a Premier Distributor

17          Agreement ("PDA") with Metabolife on or about July 3, 1998.

18      F.  The three principal documents that form the Plaintiffs' written contracts with

19          Metabolife are the Distributor Application & Agreement, the PDA and the

20          Distributor Guidelines ("Guidelines").

21

22      G.  Plaintiff Brown entered into a PDA with Metabolife on or about February 16,

23          1998.

24      H.  Plaintiff Locke entered into a PDA with Metabolife on or about July 7, 1998.

25      I.  Plaintiff Coughlin entered into a PDA with Metabolife on or about March 12,

26          1998.

27

28

GRAY CARY WARE
& FREIDENRICH LLP

J.  California substantive law governs the contracts between Metabolife and Plaintiffs.

K.  On July 29, 2000, Metabolife announced that it was adding retail distribution effective August 1, 2000.

L.  Metabolife launched its retail distribution on August 1, 2000.

M.  At the July 29, 2000 meeting, Metabolife offered an addendum to Plaintiffs' Premier Distributorship Agreement ("Addendum").

N.  Plaintiffs did not sign the Addendum.

O.  Plaintiffs had closed some of their kiosks prior to the July 29 meeting.

P.  Plaintiffs closed their remaining kiosks shortly after the July 29 meeting.

## IV.

The reservations as to the facts recited in paragraph III above are as follows:

> None at this time.

## V.

The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

> None at this time.

## VI.

**The following issues of fact, and no others, remain to be litigated at trial[1]:**

A.  Whether, by May of 2000, Metabolife was experiencing declining sales.

B.  Whether Metabolife took action in the first half of 2000 to increase sales.

---

[1] The parties preserve all objections, including relevance, to the following list of issues of fact to be litigated at trial.

GRAY CARY WARE
& FREIDENRICH LLP

C. Whether, in May of 2000, Metabolife identified two problems: (1) It did not have enough points of distribution; and (2) the price point for Metabolife 356 was too high.

D. Whether Metabolife's alleged declining market share and sales resulted, at least in part, from competition from "knock-off" products and/or adverse publicity regarding Metabolife.

E. At what point in time did Metabolife begin exploring the option of adding retail distribution.

F. Whether Metabolife's Board of Directors voted on June 21, 2000 to add retail distribution to the company's marketing model.

G. Whether Arthur Anderson advised Metabolife on or about May 2000 that Metabolife would face a negative cash position by year end.

H. Whether Metabolife's decision to add retail distribution followed Arthur Anderson's advice given on or about May 2000.

I. Whether Metabolife took any action to add or prepare for retail distribution at any time before June 21, 2000.

J. Whether Plaintiffs respective contracts with Metabolife were valid and enforceable.

K. Whether each of the Plaintiffs' contracts prohibit sales of Metabolife products by Metabolife to retail stores.

L. Whether Plaintiffs performed under their respective contracts with Metabolife.

M. Whether each of the Plaintiffs entered into their contract with Metabolife based on their understanding that distributors would not be in competition with retail stores.

N. Whether each of the Plaintiffs had an expectation that Metabolife would not and/or could not sell through retail stores

O. If each of the Plaintiffs had an expectation that Metabolife would not and/or could not sell through retail stores, whether such expectation was legitimate or reasonable.

P. Whether Metabolife treated all Premier Distributors as having an area around their locations in which they were protected from competition by other Premier Distributors.

Q. Whether Metabolife formed an intent prior to June 2000 to add retail distribution.

R. Whether Defendants represented to Plaintiffs that Metabolife did not intend to add retail distribution, and if so when.

S. Whether Metabolife concealed material facts from Plaintiffs and, if so, whether Metabolife had a duty to disclose such facts to Plaintiffs.

T. Whether the alleged misrepresentations attributed to Defendants were true, or believed to be true, when made.

U. Whether Defendants had reasonable grounds for believing the truth of the alleged misrepresentations attributed to them.

V. Whether the alleged misrepresentations attributed to Defendants were false when made.

W. Whether Plaintiffs had either constructive or actual knowledge, knew or should have known that Metabolife had reserved the right to add retail distribution or was preparing to add retail distribution at any time prior to July 29, 2000.

X. Whether Plaintiffs justifiably relied on the alleged misrepresentations attributed to Defendants.

Y. Whether Plaintiffs were damaged by their alleged reliance on the alleged misrepresentations attributed to Defendants.

Z. Whether, under the New York General Business Law Section 349, a reasonable consumer would have been misled by Defendants' alleged conduct.

AA. If Plaintiffs suffered any competitive injury resulting from Defendants' alleged price discrimination.

BB. Whether any of Defendants' alleged wrongful acts were undertaken with the intent to vex, injure, or annoy Plaintiffs.

CC. If, and to what extent, Plaintiffs have been damaged as a result of Defendants' alleged actionable conduct.

DD. If, and to what extent, Plaintiffs mitigated their damage allegedly resulting from Defendants' alleged actionable conduct.

## VII.

The exhibits to be offered at the trial, together with a statement of all admissions by and all issues between the parties with respect thereto, are as follows:

A. DOCUMENTS OR OTHER EXHIBITS WHICH PLAINTIFFS EXPECT TO OFFER:

1. Metabolife Distributor Application and Agreement of Plaintiff Donald Brown, Jr. (Identified in depositions as Exhibit 1.)

2. Metabolife Distributor Application and Agreement of Plaintiff Mark Coughlin. (Identified in depositions as Exhibit 31.)

3. Metabolife Distributor Application and Agreement of Plaintiff Michael Goldstein. (Identified in depositions as Exhibit 2.)

GRAY CARY WARE
& FREIDENRICH LLP

4. Metabolife Distributor Guidelines, circa 1995. (Identified in depositions as Exhibit 3.)

5. Premier Distributorship Agreement of Plaintiff Donald Brown. (Identified in depositions as Exhibit 4A.)

6. Premier Distributorship Agreement of Plaintiff Mark Coughlin. (Identified in depositions as Exhibit 5.)

7. Premier Distributorship Agreement of Plaintiff Michael Goldstein. (Identified in depositions as Exhibit 52.)

8. Premier Distributorship Agreement of Plaintiff Gregory Locke. (Identified in depositions as Exhibit 75.)

9. Metabolife International, Inc. Distributor Application and Agreement Addendum. (Identified in depositions as Exhibit 24.)

10. Metabolife International, Inc. Independent Consultant Agreement. (Identified in depositions as Exhibit 54.)

11. Metabolife International Inc. Statement of Policies and Procedures, issued January 2000. (Identified in depositions as Exhibit 30.)

12. Expert Report of Brian Brinig and the Plaintiffs' financial data upon which it is based.

13. Metabolife documents reflecting monthly gross sales and a demonstrative chart showing the same.

14. The series of charts represented as the Arthur Andersen Report (Bates Nos. Metgold 003020-3035).

15. October 15, 1999 letter from Sara Barrington to Don Brown marked as Exhibit 22 (Metgold 001032).

16. July 15, 1999 letter from Claudia Rubens to Erica Pitman marked as Exhibit 18 (last digits of Bates No. illegible).

17. Letter from Karen Nebozny to Erica Pitman dated July 20, 1999 marked as Exhibit 20 (Metgold 001033).

18. June 1, 1998 memoranda from Michael Blevins (Metgold 002729-2731).

19. February 24, 2000 memoranda marked as Exhibit 256 (Metgold 002764).

20. Table entitled "Mark Coughlin 6189" marked as Exhibit 37 (Metgold 005043).

21. Document entitled "Consultant Fee Calculation" (Metgold 005167).

22. Memo from Scott Moberly marked as Exhibit 21 (Metgold 002753-2757).

23. August 1, 2000 memoranda marked as Exhibit 87 (GRL 0000091-92).

24. September 22, 2000 memoranda marked as Exhibit 77 (GRL 0000093).

25. Letter and attachment to Greg Locke from Scott Moberly (GRL 0000190-192).

26. June 21, 2000 Metabolife Board of Director Meeting Minutes (Metgold 000513).

27. Miscellaneous invoices for purchase of Metabolife (Metgold 000191, 193, 199, and 200).

28. Metabolife International Sales, June to December 2000 marked as Exhibit 258 (Metgold 000136-137).

29. Package of documents dated September 1, 2000 showing dates of orders by retail stores (Metgold 000630-647).

30. August 23, 2000 letter from Sara Barrington to Greg Locke marked as Exhibit 85 (GRL 0000031-32).

GRAY CARY WARE
& FREIDENRICH LLP

31. September 11, 2000 letter from Jeanne Smith to Greg Locke marked as Exhibit 86 (GRL 0000033-34).

32. Memoranda from Michael Ellis announcing the July 2000 meeting marked as Exhibit 23 (DTB 0000067).

33. Metabolife order form showing sales to Albertson's with a purchase order date of July 12, 2000 (Metgold 000192).

34. Project X Forecast Revision No. 1 dated July 11, 2000 marked as Exhibit 261 (Metgold 000629).

35. Memoranda from Scott Moberly (Metgold 002757).

36. September 11, 2000 letter from Jeanne Smith to Don Brown (DTB 0000071-72).

37. Excerpted videotapes of Metabolife meetings.

38. Videotape of the ABC 20/20 story on Metabolife, dated 10/15/99.

39. Videotape of the ABC 20/20 story on Metabolife, dated 5/5/00.

40. Collection of newspaper stories discussing lawsuits filed against Metabolife, regulatory actions against ephedra-based products, criminal background of Defendant Ellis, and potential health risks of ephedra-based products such as Metabolife 356 from 1999 through 2000.

41. Injunctions filed by Metabolife against "knock-off" competitors.

42. Email from David Gumner re Retail Displays dated 06/23/2000 (METGOLD 005862).

43. Email from Rich Hawk re Retail displays dated 06/23/2000 (METGOLD 005863).

44. Memo from Bob Hermann to Rick Snow, dated 06/28/2000 (METGOLD 005864-65).

45. List -- Project X Questions (METGOLD 005866).

46. Email from David Gumner re Checkpoint label dated 06/28/2000 (METGOLD 005867).

47. Email from Bob Hermann re 3 packs, dated 06/29/2000 (METGOLD005868).

48. Email from Rick Wilson re 356 SKUs dated 06/30/2000 (METGOLD 005869-70)

49. Email from The Chemins Company re 48 pack carton dated 0703/2000 (METGOLD 005871-72).

50. Email from Bob Hermann re 356 SKUs dated 07/03/2000 (METGOLD 005873).

51. Email from Bob Hermann re Carb Craver and Diet Vite dated 07/03/2000 (METGOLD 004874-76.

52. List of Retailers (METGOLD 005877).

53. Memo from Rick Snow to Bob Hermann dated 07/06/2000 METGOLD 005878).

54. Email from Bob Hermann re SKUs dated 07/07/2000 (METGOLD 005879.

55. Project Chemins FC6-16 (METGOLD 005880).

56. Project X Forecast by SKU (METGOLD 005881).

57. Email from Bob Hermann re 365 Output dated 07/12/2000 (METGOLD 005882).

58. Email from AConsultant re EDI Priority List dated 07/14/2000 (METGOLD 005883).

59. Email from Naomi Dille re Updates on No tag priority and shipping labels dated 07/25/2000 (METGOLD 005884).

60. List of Retailers (METGOLD 005885).

61. Email from Dirk Aschmoneit Re PDQ for Wal Mart dated 08/24/2000 (METGOLD 005886-87).

62. Email from Dirk Aschmoneit re PDQ for Wal Mart dated 08/24/2000 (METGOLD 005888-89).

63. Email from Garth DeFelice re WalMart Shipments dated 09/14/2000 w/attachment (METGOLD 005890-91).

64. Plaintiffs reserve the right to introduce at trial demonstrative exhibits not specifically identified herein.

B. DOCUMENTS OR OTHER EXHIBITS WHICH DEFENDANTS EXPECT TO OFFER:

1. Distributor Application and Agreement between Metabolife International, Inc. and Mike J. Goldstein (METGOLD 001694-1695)

2. 2. Premier Distributor Agreement between Metabolife International, Inc. and Mike Goldstein/New Century Health Enterprises, Inc., dated July 3, 1998 (METGOLD 001725-1731)

3. Distributor Application and Agreement between Metabolife International, Inc. and Donald T. Brown, dated December 11, 1997 (METGOLD 000753-755)

4. Premier Distributor Agreement between Metabolife International, Inc. and Donald T. Brown, Jr., dated February 16, 1998 (DTB 000010-23)

5. Premier Distributor Agreement between Metabolife International, Inc. and Gregory Ray Locke, dated July 7, 1998 (METGOLD 002115-2121)

6. Distributor Application and Agreement between Metabolife International, Inc. and Mark Coughlin, dated February 3, 1998 (METGOLD 001366-1367)

7. Premier Distributor Agreement between Metabolife International, Inc. and Mark Coughlin, dated March 12, 1998 (METGOLD 001378-1387)

8. 1995 Metabolife Distributor Guidelines (METGOLD 000529-610)

9. Expert Report of Alan J. Cox, Ph.D., dated May 19, 2003

10. Arthur Anderson Report Prepared for Metabolife (METGOLD 003020-3035)

11. Metabolife International, Inc. Independent Consultant Agreement (GRL 0000107-111)

12. Minutes of a Meeting of the Board of Directors of Metabolife, International, Inc., dated June 21, 2000 (METGOLD 000513-514)

13. Table Identifying Metabolife International, Inc.'s Media Expenses (1998-2000) (METGOLD 005168-5169)

14. Table Titled "*Goldstein v. Metabolife: Allegations of Fraud/Misrepresentations*" Summarizing Plaintiffs' Allegations of Fraud

15. Plaintiff Michael Goldstein's Answers to Defendants' First Set of Interrogatories, dated October 21, 2002

GRAY CARY WARE
& FREIDENRICH LLP

16. Plaintiff Donald Brown's Answers to Defendants' First Set of Interrogatories, not dated

17. Plaintiff Gregory Locke's Answers to Defendants' First Set of Interrogatories, dated October 21, 2002

18. Plaintiff Mark Coughlin's Answers to Defendants' First Set of Interrogatories, dated October 21, 2002

19. Metabolife Announcement, dated February 24, 2000 (METGOLD 002764)

20. Memorandum from Scott E. Moberly to Independent Distributors (METGOLD 002753)

21. Letter from Metabolife to Distributors, dated August 1, 2000 (GRL 0000091-92)

22. Letter from Scott E. Moberly to Distributors  (GRL 0000190-192)

23. Table Summarizing Metabolife's Retail Sales for 1998 (METGOLD 005128)

24. Table Summarizing Metabolife's Retail Sales for 1999 (METGOLD 005129)

25. Table Summarizing Metabolife's Retail Sales for 2000 (METGOLD 005130, 5150-5151)

26. Table Summarizing Metabolife's Retail Sales for 2001 (METGOLD 005152-5153)

27. Table Summarizing Metabolife's Retail Sales for 2002 (METGOLD 005154-5155)

28. Distributor Application and Agreement Addendum

29. Metabolife International, Inc. Statement of Policies and Procedures, Section 1 – Corporate Mission Statement (pp. 45-46)

30. Declaration of Michael Goldstein, dated June 25, 2003

31. Declaration of Mark Coughlin, dated June 26, 2003

32. Declaration of Donald Brown, Jr., dated June 25, 2003

33. Declaration of Gregory Locke, dated June 26, 2003

34. Rebuttal Report of Alan J. Cox, Ph.D., dated June 2, 2003

35. Statement of Work from Arthur Andersen to Metabolife International, Inc. (AA 00001-5)

36. Metabolife Cash Flow Scenario – Reality  (AA 00057-58)

37. Metabolife Cash Flow Scenario – Doom (AA 00060-61)

38. Metabolife Cash Flow Scenario – Doom (AA 00074-75)

39. Arthur Andersen Memo regarding Cash Burn Analysis MET316 (AA 00078-79)

40. Metabolife Revenue & Expenses vs. Cash  (AA 00091-128)

41. Acosta Logistics Meeting 6/29/00 – GROCERY, Meeting Notes (AA 00141-171)

42. Daily Sales & Time Sheet Reports for Cortana Mall, dated July 1, 2000 and [date illegible] (DB 02363, 02366)

43. Employee Shift Reports for Cortana Mall, dated July [illegible] 2000 and July 1, 2000 (DB 02364-2365)

44. Daily Sales & TimeSheet Report for Holyoke Mall, dated August 1, 2000 (DB 03158)

GRAY CARY WARE
& FREIDENRICH LLP

-15-

45. Employee Shift Report for Holyoke Mall, dated August 1, 2000 (DB 03159)

46. Gold Miner Return Authorization Form, Gold Minder ID Number 146, undated (DB 03160)

47. Employee Shift Report for Holyoke Mall, dated August 2, 2000 (DB 03161)

48. Retail Sales Receipt for Holyoke Mall, dated August 4, 2000 (DB 03188)

49. Gold Miner Return Authorization Form, Gold Minder ID Number 146, undated (DB 03189)

50. Daily Sales & TimeSheet Report for Holyoke Mall, dated September 1, 2000 (DB 10311)

51. Daily Sales & TimeSheet Reports for Sunrise Square Center, dated July 1, 2000 through July 15, 2000 (DB 15227-15238)

52. Gold Miner Return Authorization Form, Gold Minder ID Number 146, undated (DB 15403)

53. Donald T. Brown Schedule C Form 1040 1998  (DTB 0000079-80)

54. Commission Statements from Metabolife to Donald Brown, 2/99-11/99 (DTB 0000106; 126; 131; 146; 167; 177; 186)

55. Metabolife Int. Rebate Reports for Donald T. Brown dated Oct.-Nov. 1999 (DTB 0000196-199)

56. 1099 Forms from Metabolife to Donald Brown 1999-2000  (DTB 0000206-207)

57. Blank Independent Consultant Agreement with Schedule A (DTB 000046-52)

GRAY CARY WARE & FREIDENRICH LLP

58. Form 1099 and 1999 Schedule C, Profit or Loss from Business for Donald Brown (DTB 0000081-83)

59. Donald T. Brown Metabolife Products Distributor, Financial Statements 9/30/99 (DTB 0000084-87)

60. Commission Statements and copies of checks for Donald Brown 2/99-12/99 (DTB 0000106-195)

61. DBE Profit and Loss 12/31/98-12/31/00 (08/17/01)

62. (DTB 0000208-216)

63. Berkshire Mall Profit and Loss statement  (DTB 0000217-219)

64. Bonita Lakes Mall Profit and Loss statement  (DTB 0000220-229)

65. Columbia Mall Profit and Loss statement  (DTB 0000230-235)

66. Mall at Cortana Profit and Loss statement   (DTB 0000236-242)

67. Eastern Hills Mall Profit and Loss statement  (DTB 000243-249)

68. Hampshire Mall Profit and Loss statement  (DTB 0000250-251)

69. Holyoke Mall Profit and Loss statement   (DTB 0000252-257)

70. Inlet Square Mall Profit and Loss statement  (DTB 0000258-263)

71. Palisades Center Mall Profit and Loss statement  (DTB 0000264-271)

72. Parks at Arlington Mall Profit and Loss statement   (DTB 0000272-279)

73. Sunrise Square Profit and Loss statement  (DTB 000280-285)

74. Letter to Brown from Smith, 9-11-00  (DTB 000071-72)

75. Letter to Smith from Brown, 9-25-00  DTB 000074)

76. Letter to Eastwood from Brown, 8-31-00  (DTB 000070)

77. Letter to Brown from Smith, 9-27-00  (DTB 000075-76)

78. Handwritten letter to Smith from Brown, 10-13-00  (DTB 000077-78)

GRAY CARY WARE
& FREIDENRICH LLP

79. Letter to Brown from Pastoral, 12-3-97 (DTB 0000054-56)

80. Letter to Distributor, Metabolife Strategy: 2000 and Beyond, from Ellis, undated (DTB 000067)

81. Gregory Locke's 2000 Amended U.S. Tax Return, dated April 8, 2002

82. Gregory Locke's 1999 Amended U.S. Tax Return, not dated

83. Raywen Enterprises Amended Tax Return, not dated

84. Raywen Enterprises 2000 U.S. Tax Return, dated April 8, 2002

85. Letter to Shareholders of Raywen Enterprises Containing Corporation Form 1120S Schedule K-1, dated February 4, 2002

86. Raywen Enterprises 1999 U.S. Income Tax Return, not dated

87. Letter to Shareholders of Raywen Enterprises Containing Corporation Form 1120S Schedule K-1, dated February 4, 2002

88. Greg Locke's Tax Forms for 1999 (GRL 0000035-70)

89. Greg Locke's Tax Forms for 2000 (GRL 0000071-90)

90. Metabolife Monthly Sales and Consultant Report

91. Form, August 1, 2000 (GRL 0000091-106)

92. Schedule A to Consultant Agreement – Consultant Territory and Compensation Schedule for Greg Locke, August 18, 2000 (GRL 0000110-111)

93. Metabolife Int. Rebate Reports for Greg Locke dated Oct.-Nov. 1999 (GRL 0000284-285)

94. Commission Statement Oct. 99 for Greg Locke (GRL 0000142-143)

95. Metabolife International, Inc., Independent Consultant Agreement (GRL 000107-111)

96. Memo to Metabolife Independent Distributors from Metabolife International, Inc., 9-22-00  (GRL 000093-106)

97. Star Metabolife Statement of Revenue & Expenses – Income Tax Basis, Twelve Month Ended, 12-31-98  (GRL 0000088)

98. Star Metabolife Statement of Revenue & Expenses – Income Tax Basis, Twelve Month Ended, 12-31-1999 (GRL 0000089)

99. Star Metabolife Statement of Revenue & Expenses – Income Tax Basis, Twelve Month Ended, 12-31-00  (GRL 0000090)

100.     Raywen Statement of Revenue & Expenses 1999  (GRL 0000086-7)

101.     1120S for Raywen Enterprises, 2000 (Federal tax return)  (GRL 000071-85)

102.     Louisiana tax return for Mail Boxes, Etc., income tax return for 1999; franchise tax return for 2000  (GRL 0000064-70)

103.     U.S. tax return for Locke, 1999  (GRL 0000035-63)

104.     Letter to Locke from Barrington, 8-23-00  (GRL 0000031-32)

105.     Letter to Locke from Smith, 9-11-00  (GRL 000033-34)

106.     Metabolife International, Inc. Independent Consultant Agreement, unsigned (GRL 0000107-109)

107.     Metabolife International and BE Marketing Financial Report, December 31, 1991  (METGOLD 000462-000483)

108.     Metabolife International and Subsidiary Financial Report (METGOLD 000338-000355)

109.     Metabolife International and Subsidiary Financial Report, December 31, 2001 and 2000  (METGOLD 005131-005149)

110.     Metabolife International, Inc. and Subsidiary Financial Report 12/31/00

111.     Chart indicating amounts plaintiffs would have earned under the Consultant Agreement (METGOLD 005702)

112.     Contact, 1-2-02, Metabolife internal reports re selling Metaboloss Gold and unauthorized advertising   (METGOLD 005021, 5026)

113.     Phone Call Record, entry by Michelle Ituarte of Metabolife re selling Metaboloss Gold  (METGOLD 001437-1438)

114.     Letter to Sander from Coughlin regarding closing locations, 8-31-00 (METGOLD 001411)

115.     Coughlin's sales records   (METGOLD 001449-1450, 1446)

116.     Mark Coughlin's 6189 order record, 10/99 – 12/00 (METGOLD 005043)

117.     Mark Coughlin 11694 Commissions 1/99 – 7/00 (METGOLD 005044)

118.     Reported Sales, Metabolife 356, Coughlin 11/99 – 8/00 (METGOLD 005126)

119.     Contact record, 9-11-00, from Smith to Locke (METGOLD 004448)

120.     Fax to Adamson from Locke, 7-29-98  (METGOLD 002141-2143)

121.     Chinac Progress Report 2/8/00  (METGOLD 001752-1757)

122.     Metabolife Distributor Application and Agreement, unsigned (METGOLD 002706-2711)

123.     Memo to Ellis from Goldstein regarding approval of brochure, 4-5-99 (METGOLD 001828-1830)

124.    Memo to Agnew from Goldstein, 4-14-99 (METGOLD 001777-1780)

125.    Letter to Goldstein from Rubens, 2-2-00, unsigned; Retail Location Application (METGOLD 001955-1962)

126.    Contact 186157, pages 1 and 3  (METGOLD 003564-3565)

127.    Metabolife International, Inc. 6/20 Pay Plan   (METGOLD 000138-141)

128.    Metabolife Update, September 1998  (METGOLD 002847-2850)

129.    Memo to All Premier Distributors from Petit, 11-19-98 (METGOLD 002799)

130.    Memo to Premier Distributors from Retail Operations Dept., 12-1-98 (METGOLD 002800-2801)

131.    Letter to Pitman from Rubens, 7-15-99 (METGOLD 910)

132.    Letter to Pitman from Brown, 7-16-99  (METGOLD 00962)

133.    Letter to Pitman from Nabozny, 7-20-99  (METGOLD 001033)

134.    Letter to Independent Distributor from Moberly, undated (METGOLD 002753, 002757)

135.    Memo to Brown from Barrington, 10-15-99  (METGOLD 001032)

136.    Metabolife International, Inc. Distributor Application and Agreement Addendum, unsigned  (METGOLD 002706-2711)

137.    Memo to Premier Distributors from Adamson, 12-1-98 (METGOLD 002802-2803)

138.    Emails from Brown to Eastwood, 4-18-00, 4-6-00, 4-4-00 (METGOLD 00856)

GRAY CARY WARE
& FREIDENRICH LLP

139.     Emails, 5-8-00 and 4-19-00 (METGOLD 000855)

140.     Emails from Brown to Eastwood, 5-15-00 and 5-9-00 (METGOLD 00854)

141.     Reported Sales, Metabolife 356, Donald Brown #4625 (METGOLD 003807)

142.     Walden Galleria Profit and Loss 1/99 – 9/00  (MJC 0000107-127)

143.     Employee Shift Change Report for 3753 Delaware, dated July 6, 2000 (MC 02963)

144.     Daily Sales and Deposit Reports for 3753 Delaware, dated July 6, 2000 and July 7, 2000 (MC 02964-2965)

145.     Metaboloss Gold Invoice No. 514 to Diane Coughlin  (MC 02403-2404)

146.     3753 Delaware Avenue Profit and Loss 4/00-9/00  (MJC 0000090-95)

147.     Pyramid Mall Profit and Loss,  8/99-11/99  (MJC 0000096-99)

148.     Sangertown Square Profit and Loss 7/99–1/00  (MJC 0000100-106)

149.     Coughlin's U.S. 1998 tax return (MJC 000001-8)  Coughlin's U.S. 1999 tax return (MJC 000009-22)

150.     Coughlin's U.S. 2000 tax return  (MJC 000023-28)

151.     Coughlin's U.S. 2000 Schedule C and Schedule SE  (MJC 000029-38)

152.     Coughlin's 2000 New York Tax Return  (MJC 000039-40)

153.     Expert Report of Brian P. Brinig, dated May 19, 2003

154.     New Century Health Enterprises Inc. Business Loss Analysis, dated July 31, 2000

155.     Mike Goldstein resume (MG 00870-872)

156.     Survival Services International, Inc. Breakdown on A/C #0849-682539 for 1998  (MG 0000232-233)

157.     Survival Services 1998 U.S. Tax Return  (MG 0000223-231)

158.     New Century Health Enterprises, Inc. Breakdown on A/C # 0454-649542 for 1998  (MG 0000219-222)

159.     New Century Health Enterprises, Inc. 1998 U.S. Tax Return (MG 0000209-218)

160.     W-2 for Goldstein from New Century Health, 1998  (MG 0000191-208)

161.     Survival Services International, Breakdown on Main A/C # 19990454-649542 for 1999  (MG 0000172-180)

162.     Survival Services 1999 U.S. Tax Return  (MG 0000181-188)

163.     New Century Health Enterprises, Inc. 1999 Tax Return (MG 0000162-171)

164.     W-2 for Goldstein 1999 from New Century Health, 1999 U.S. Tax Return (MG 0000148-161)

165.     New Century Health Enterprises, Inc. Business Loss Analysis, July 31, 2000 (MG 0000256-260)

166.     Survival Service 2000 U.S. Tax Return  (MG 0000137-147)

167.     New Century Health Enterprises, Inc. Breakdown on Main A/C #0454-649542 for 2000  (MG 0000131-136)

GRAY CARY WARE
& FREIDENRICH LLP

168.    New Century Health Enterprises, Inc. 2000 U.S. Tax Return (MG 0000121-130)

169.    W-2 for Goldstein 1999 from New Century Health, 2000 U.S. Tax Return (MG 0000107-120)

170.    New Century Health Enterprises, Inc. Breakdown on Main A/C #0454-649542 for 2001  (MG 0000101-106)

171.    1999 Balance Sheets for Metabolife International, Inc. (METGOLD 005307-5361)

172.    2000 Balance Sheets for Metabolife International, Inc. (METGOLD 005362-5472)

173.    2001 Balance Sheets for Metabolife International, Inc. (METGOLD 005473-5581)

174.    2002 Balance Sheets for Metabolife International, Inc. (METGOLD 005582-5676)

175.    Metabolife International, Inc. and Subsidiary Financial Report, December 31, 2002 and 2001   (METGOLD 005677-5694)

176.    Metabolife International, Inc. and Alpine Health Products, Inc. Schedule of Combined Costs and Sales 2000 (METGOLD 005695-5696)

177.    Metabolife International, Inc. and Alpine Health Products, Inc. Schedule of Combined Costs and Sales 2001 (METGOLD 005697-5698)

178.    Defendants reserve the right to introduce at trial demonstrative exhibits not specifically identified herein.

**VIII.**

Witnesses to be called by plaintiffs and defendants are as follows:

A. Michael Goldstein

B. Gregory Locke

C. Donald Brown, Jr.

D. Mark Coughlin

E. Michael Ellis

F. Scott Moberly

G. Michael Blevins

H. W. Robert Bradley

I. Brian Brinig

J. Alan Cox

K. Michelle Ituarte

L. Kevin Johnson

**IX.**

The following issues of law, and no others, remain to be litigated upon the trial:

A. Whether Plaintiffs were injured by Metabolife's alleged price discrimination.

B. Whether Metabolife had a contractual duty to refrain from adding retail distribution.

C. Whether Plaintiffs' respective contracts with Metabolife were valid and enforceable.

D. Whether Plaintiffs performed under their respective contracts with Metabolife.

E. Whether Metabolife breached its contracts with Plaintiffs by adding retail distribution.

GRAY CARY WARE
& FREIDENRICH LLP

F. Whether, by adding retail distribution, Defendants acted dishonestly, outside accepted commercial practices, with a bad motive, or in an unreasonable manner that was arbitrary, capricious, or inconsistent with the reasonable expectations of the parties.

G. Whether Metabolife had a legitimate business justification for adding retail distribution.

H. Whether creating an implied contract term limiting Metabolife's right to add retail distribution contradicts express terms of the contracts.

I. Whether Defendants omitted and/or misrepresented a past or existing fact.

J. If Defendants are found to have omitted and/or misrepresented a past or existing fact(s), whether such fact(s) is material.

K. If Defendants are found to have omitted and/or misrepresented a past or existing fact(s), whether Defendants did so with the intent to defraud Plaintiffs, or with intent to induce reliance on such fact(s).

L. If Defendants are found to have omitted a past or existing fact(s), whether Defendants had a duty to disclose such fact(s) at any time prior to July 29, 2000.

M. If Defendants are found to have misrepresented a past or existing fact(s), whether Defendants knew such misrepresentation was false at the time it was made(s), or whether Defendants had no reasonable grounds for believing such fact(s) be true.

N. If Defendants are found to have misrepresented a past or existing fact(s), whether such misrepresentation(s) contradict the terms of the parties'

contracts, and, if so, whether evidence of such misrepresentation is inadmissible parol evidence.

O. Whether Defendants engaged in an unfair or deceptive trade practice under the Colorado Consumer Protection Act ("CCPA").

P. If Defendants are found to have engaged in an unfair or deceptive trade practice under the CCPA, whether such practice significantly impacts the public as actual or potential consumers of Metabolife's goods, services, or property.

Q. Whether, under the New York General Business Law Section 349, Defendants engaged in a "consumer-oriented" practice that was deceptive or misleading in a material respect.

R. Whether, under the New York General Business Law Section 349, Plaintiff Coughlin suffered injury as a result of Defendants' alleged acts.

S. Whether, under the New York General Business Law Section 349, a reasonable consumer would have been misled by Defendants' conduct.

T. If, and to what extent, Plaintiffs have been damaged as a result of Defendants' alleged actionable conduct.

/////
/////
/////
/////
/////
/////
/////

U. If, and to what extent, Plaintiffs mitigated their damage allegedly resulting from Defendants' alleged actionable conduct.

V. Whether Plaintiffs are entitled to punitive damages.

Dated August 8, 2003.

Respectfully submitted,

HOLLAND & HART, LLP
303.295.8304

_____

Douglas L. Abbott
Gregory R. Clouser
**ATTORNEYS FOR PLAINTIFFS**

Gray Cary Ware & Freidenrich
4365 Executive Drive, Suite 1100,
San Diego, CA 92121-2133
858.638.6985
858.677.1477 (fax)

_____

Jeffrey M. Shohet
Mark H. Hamer
Danielle S. Fitzpatrick

**ATTORNEY FOR DEFENDANTS**

<u>ORDER</u>

IT IS SO ORDERED.

Dated: _8/15/03_

_____

Hon. Jeffrey T. Miller

GRAY CARY WARE
& FREIDENRICH LLP

1  JEFFREY M. SHOHET (Bar No. 67529)
   MARK H. HAMER (Bar No. 156997)
2  DANIELLE S. FITZPATRICK (Bar No. 196593)
   **GRAY CARY WARE & FREIDENRICH LLP**
3  4365 Executive Drive, Suite 1600
   San Diego, CA  92121-2189
4  Tel:  858-638-6985
   Fax:  858-677-1477
5
   Attorneys for Defendants
6  Metabolife International, Inc., Michael Ellis, Scott Moberly, W.
   Robert Bradley, And Michael Blevins
7

8                       UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11  MICHAEL GOLDSTEIN, NEW           CV No.  01 CV 1387 JM (POR)
    CENTURY HEALTH ENTERPRISES,
12  INC., a Colorado corporation, DONALD   **PROOF OF SERVICE**
    BROWN, JR., GREGORY LOCKE, and
13  MARK COUGHLIN,

14            Plaintiffs,              Courtroom:  Hon. Jeffrey T. Miller
                                       Complaint:  July 27, 2001
15       v.

16  METABOLIFE INTERNATIONAL, INC.,
    a California corporation, MICHAEL
17  ELLIS, SCOTT MOBERLY, W. ROBERT
    BRADLEY, and MICHAEL BLEVINS,
18
              Defendants.
19

20

21

22

23

24

25

26

27

28

                                    -1-

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is Gray Cary Ware & Freidenrich, 4365 Executive Drive, Suite 1100, San Diego, CA 92121-2133.  On August 8, 2003, I served the within documents:

PRE-TRIAL ORDER

☒  by transmitting via facsimile the document(s) listed above to the fax number set forth below on this date before 5:00 p.m.; and

☐  by placing the document(s) listed above in a sealed envelope fully prepaid, VIA FEDERAL EXPRESS at San Diego, California addressed as set forth below.

☒  by causing the documents listed above to be personally delivered by Central Attorney Service to the person(s) at the address(es) set forth below.

| Attorneys for Plaintiffs | Attorneys for Plaintiffs |
| --- | --- |
| **VIA HAND DELIVERY BY CENTRAL ATTORNEY SERVICE** | **VIA FAX** |
| J. Mark Dunbar, Esq. | Greg Clouser |
| Dunbar & Associates | Douglas L. Abbott, Esq. |
| 1205 Prospect St., Suite 400 | Holland & Hart, LLP |
| La Jolla, CA  92037 | 555 Seventeenth St., Ste. 3200 |
| Fax:  858-454-5250 | Denver, CO  80202-3979 |
| | Fax:  303-295-8261 |

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the Bar of or permitted to practice before this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the state of California that the above is true and correct.

Executed on August 8, 2003, at San Diego, California.

JOYCE STONE GRAHAM

GRAY CARY WARE
& FREIDENRICH LLP

SD1524342.1
103221-3

01 CV 1387 JM (POR)